UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUIS WINTERS, | ) | Civ. 06-5091-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

  Plaintiff, Louis Winters, moves this court "to judicially review clerical/admin staff actions and [the] resulting decision." Docket 9. Winters filed a "notification of good cause to alter, amend, set aside, or otherwise arrest and set aside the order denying certification of a substantial showing of a constitutional rights violation" on December 18, 2012. Docket 6. The court issued a text order on January 24, 2013, and denied Winters' motion for failure to show good cause. Docket 8. Winters now alleges that the court misconstrued and improperly denied his motion. Docket 9. Winters further alleges that the court wrongfully denied his motion for certificate of appealability. *Id.*

  First, Winters appears to argue that clerical or administrative staff misdocketed his motion on December 18, 2012. Docket 9 at 6–7. According to Winters, he intended to file a "notification of good cause to alter, amend, set aside, or otherwise arrest and set aside the order denying certification of a substantial showing of a constitutional rights violation." The document, however, was docketed as a motion for reconsideration—a distinction that Winters believes

negatively affected the outcome of his request. Nonetheless, the court assures Winters that the manner in which his motion was docketed did not dictate the court's standard of review. The court based its decision on the substance of Winters' motion and found that he failed to show good cause for reconsideration.

Second, Winters appears to argue that the issuance of the text order on January 24, 2013, was an improper administrative action that deprived him of judicial review. Docket 9 at 3. The issuance of the text order, however, was not an administrative action. The court reviewed Winters' request, determined that he failed to show good cause as to why the order denying his motion for certificate of appealability should be altered, amended, or set aside, and subsequently denied Winters' motion.

Finally, to the extent Winters argues that his motion for certificate of appealability was incorrectly denied, the court reasserts the standard under which it denied the motion. Under the Antiterrorism and Effective Death Penalty Act of 1996,[1] the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). As explained by the United States Supreme Court,

> [t]o obtain a [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes

---

[1] In his motion for certificate of appealability, Winters asserts that the AEDPA "is invalid as unconstitutional." Docket 5 at 2. To the contrary, the Supreme Court has granted relief pursuant to the AEDPA in several cases since its enactment, thus implicitly suggesting that the AEDPA is constitutional. *See, e.g., Wiggins v. Smith,* 539 U.S. 510 (2003); *Williams v. Taylor,* 529 U.S. 362 (2000).

showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In his motion for certificate of appealability, Winters did not demonstrate that reasonable jurists could debate whether his § 2255 petition should have been resolved in a different manner. In fact, Winters did not address any of the issues presented in his § 2255 petition (Docket 1) or decided in the court's order denying his § 2255 petition (Docket 3). Although Winters' § 2255 petition challenged the district court's offense-level designation, the district court's use of the sentencing guidelines, and the alleged ineffective assistance of counsel (Docket 1), Winters' motion for certificate of appealability addressed the court's alleged lack of subject matter jurisdiction over his case (Docket 5). Winters' argument in support of his motion for certificate of appealability therefore did not demonstrate that reasonable jurists could debate that the issues raised in his § 2255 petition should have been resolved differently. Accordingly, it is

ORDERED that Winters' motion (Docket 9) is denied.

Dated May 1, 2013.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE